UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ERIKA POMERANTZ, | Civil Action No. 4:22-cv-1437-JD-TER |
| Plaintiff, | |
| -vs- | **REPORT AND RECOMMENDATION** |
| COASTAL CAROLINA UNIVERSITY and ANGEL ONLEY-LIVINGSTON, | |
| Defendants. | |

**I.     INTRODUCTION**

This action arises from Plaintiff's employment with Defendant Coastal Carolina University (CCU). Plaintiff originally filed this action in the Court of Common Pleas, Horry County, South Carolina. Defendants removed it to this court. Plaintiff alleges causes of action for race discrimination, retaliation, and hostile work environment in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq. and 42 U.S.C. § 1981 as well as a state law claim for slander.[1] Presently before the court are Plaintiff's Motions for Default Judgment (ECF Nos. 14, 15) against Defendants Onley-Livingston and Coastal Carolina University.[2] Defendants filed a Response (ECF No. 17). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(g), DSC. This report and recommendation is entered for review by the district judge.

---

[1] Plaintiff's negligent supervision claim and her slander claim against Paquette have been dismissed. See Order (ECF No. 13).

[2] Defendant Paquette has been dismissed. Id.

## II.    DISCUSSION

Defendants removed this action to this court and filed a partial Motion to Dismiss (ECF No. 5) three of Plaintiff's five causes of action. Defendants did not file an Answer at that time. The undersigned entered a Report and Recommendation (ECF No. 9) recommending that the Motion to Dismiss be granted in part and denied in part, which the Court adopted in an Order (ECF No. 13) filed February 10, 2023. Following the Order, Plaintiff's discrimination, retaliation, hostile work environment, and slander claims remained pending. Plaintiff filed the present Motions for Default Judgment (ECF Nos. 14, 15) on March 9, 2023, for Defendants' failure to file an Answer. On the same day, March 9, 2023, Defendants filed their Answer (ECF No. 16).

Plaintiff's Motions were docketed as Motions for Default Judgment, though they are entitled "Plaintiff's Request for Default." Rule 55(a) of the Federal Rules of Civil Procedure provides that "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Rule 12(a)(4)(A) states that "if the court denies the motion [filed under Rule 12]. . . the responsive pleading must be served within 14 days after notice of the court's action." The Order denying in part Defendants' Motion to Dismiss was filed February 10, 2023. Therefore, Defendants' Answer was due by February 24, 2023. Thus, at the time Plaintiff filed the present Motions on March 9, 2023, Defendants were in default. As stated above, Defendants filed their Answer later the same day and, in response to Plaintiff's Motions, seeks relief from an entry of default. Though an entry of default has not been made in the record, this analysis is appropriate given the procedural history. See, e.g., Perez v. Wells Fargo, N.A., 774 F.3d 1329, 1337 (11th Cir. 2014) (citing 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2692 at 85 (3d ed.2004))

(noting that an entry of default is mandatory, not discretionary, and a party who has failed to plead or otherwise defend is considered to be in default even if the formal entry of default has not yet been made.).

Pursuant to Rule 55(c) "the court may set aside an entry of default for good cause." This "good cause" standard is liberally construed "'in order to provide relief from the onerous consequences of defaults....'" Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir.1987) (quoting Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir.1969) ("Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits.")). The United States Court of Appeals for the Fourth Circuit has set forth the relevant factors to consider when a party in default has sought relief: (1) whether the moving party has a meritorious defense, (2) whether it acts with reasonable promptness, (3) the personal responsibility of the defaulting party, (4) the prejudice to the party, (5) whether there is a history of dilatory action, and (6) the availability of sanctions less drastic. Payne v. Brake, 439 F.3d 198, 204–05 (4th Cir.2006) (citations omitted).

To assert a meritorious defense, "the moving party must show that, if relieved from the order and given another chance to litigate the underlying issues, he will have meritorious arguments to deflect the opposing party's claims." Coomer v. Coomer, 217 F.3d 838 (4th Cir. 2000)(citing Dowell v. State Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993)). "A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988); see also U.S. v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982) ("all that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which,

if believed, would permit either the court or the jury to find for the defaulting party."). Thus, the moving party does not have to prove conclusively that he would prevail, only that there is sufficient evidence to permit a court to find in his favor. See, e.g., Jones v. Phipps, 39 F.3d 158, 165 (7th Cir. 1994). As noted above, Defendants have already file a Motion to Dismiss, which was successful as to some causes of action. As to Plaintiff's hostile work environment claim, even though the motion was ultimately denied, the undersigned noted that "Plaintiff's allegations of a hostile work environment are just enough to raise a right to relief above the speculative level and survive a motion to dismiss at this stage of the litigation. The arguments raised by Defendants are more properly addressed under Rule 56 of the Federal Rules of Civil Procedure." Report and Recommendation (ECF No. 9) p. 13. This is sufficient to make a showing of a meritorious defense for relief from default purposes.

In addition to a meritorious defense, Defendants acted with reasonable promptness by filing their Answer the same day Plaintiff's filed the present motions. Counsel for Defendants sets forth that he was under the mistaken belief that Defendants had filed an Answer at the same time they filed their Motion to Dismiss, and they filed their Answer as soon as they realized the mistake.

Further, counsel for Defendants accepts full responsibility for the failure to timely file an Answer. As stated, he was under the mistaken belief that an Answer had been filed and notes that the individual Defendants and the University's general counsel met with him for four hours when the case was first removed to this court for the purpose of preparing and filing a responsive pleading. Thus, there is no personal responsibility on the part of the parties themselves.

Courts must also consider the prejudice to the non-defaulting party. Plaintiff has not shown that she would suffer any prejudice if Defendants' default is set aside. See Combustion Sys. Sales,

Inc. v. Eastern Metal Prods. & Fabricators, Inc., 112 F.R.D. 685, 691 (M.D.N.C.1986) (noting that the non-defaulting party bears the burden of showing prejudice). Defendants' Answer was filed only thirteen days late. Further, since the filing of Plaintiff's motions for default, the parties have worked together to submit a motion to amend the scheduling order and a motion for a confidentiality order, indicating Plaintiff has not been prejudiced in this action.

Finally, there is no history of dilatory action by Defendants in this case, and given the "long-held view that Rule 55(c) motions must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments,'" Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 421 (4th Cir.2010) (quoting Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir.1969)), sanctions would not be appropriate. For these reasons, Defendants' default should be set aside.

### III.  CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff's Motions for Default Judgment (ECF Nos. 14, 15) be denied.

                                                   s/Thomas E. Rogers, III
                                                  Thomas E. Rogers, III
                                                  United States Magistrate Judge

August 7, 2023
Florence, South Carolina