IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Erika Pomerantz, | ) | C/A NO. 4:22-cv-01437-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Coastal Carolina University, Peter Paquette, | ) | |
| Angel Onley-Livingston, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]  (DE 27.)  Plaintiff Erika Pomerantz ("Plaintiff" or "Pomerantz") sued Coastal Carolina University ("CCU"), Peter Paquette ("Paquette"), and Angel Onley-Livingston ("Onley-Livingston"), alleging causes of action for Race Discrimination, Retaliation, and Hostile Work Environment in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e), et seq., and 42 U.S.C. § 1981, as well as state law causes of action for Slander and Negligent Supervision.  (DE 1-1.)

On March 9, 2023, Plaintiff moved for Default Judgment (DE. 14, 15) because Defendants had not filed an Answer.  On the same day, Defendants filed their Answer (DE 16).  On August 7, 2023, the magistrate judge issued the Report, recommending this Court deny Plaintiff's Motions

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

for Default Judgment (DE 14, 15) because among other things, Defendants have a meritorious defense and they acted with reasonable promptness by filing their Answer the same day Plaintiff filed the present motions. (DE 27.) Accordingly, for the reasons stated below, the Court adopts the Report and denies Plaintiff's Motion for Default, as provided below.

## BACKGROUND

Defendants removed this action to this Court and filed a partial Motion to Dismiss (DE 5) three of Plaintiff's five causes of action. Defendants did not file an Answer at that time. On February 10, 2023, this Court granted Defendants' Motion to Dismiss (DE 5) as to Plaintiff's Negligent Supervision and Slander claims against Paquette but denied Defendants' motion as to Plaintiff's Hostile Work Environment and Slander claims against Onley-Livingston. (DE 13.) Following the Order, Defendants did not timely answer Plaintiff's discrimination, retaliation, hostile work environment, and slander claims. After that, Plaintiff moved for Default Judgment (DE 14, 15) on March 9, 2023, for Defendants' failure to file an Answer. On the same day, March 9, 2023, Defendants filed their Answer (DE 16) thirteen days late. Plaintiff's Motions were docketed as Motions for Default Judgment, though they are entitled "Plaintiff's Request for Default." The order denying in part Defendants' Motion to Dismiss was filed on February 10, 2023. Therefore, Defendants' Answer was due by February 24, 2023. Thus, when Plaintiff filed the present Motions on March 9, 2023, Defendants were in default.[2]

---

[2]    Though an entry of default has not been made in the record, the Court will address this motion under a Rule 55(c) standard. See, e.g., Perez v. Wells Fargo, N.A., 774 F.3d 1329, 1337 (11th Cir. 2014) (citing 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2692 at 85 (3d ed.2004)) (noting that an entry of default is mandatory, not discretionary, and a party who has failed to plead or otherwise defend is considered to be in default even if the formal entry of default has not yet been made.).

**DISCUSSION**

On August 14, 2023, Plaintiff objected to the Report. (DE 27.) However, to be actionable, objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds that Plaintiff has objected to the Report because "fil[ing] an answer is not a proper exception . . . ." (DE 29.) To begin with, as comprehensively stated in the Report, under Rule 55(c), "the court may set aside an entry of default for good cause." The "good cause" standard is liberally construed "'in order to provide relief from the onerous consequences of defaults . . . .'" Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir.1987) (quoting Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir.1969) ("Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits.")). The Fourth Circuit has set forth the relevant factors to consider when a party in default has sought relief: (1) whether the moving party has a meritorious defense, (2) whether it

acts with reasonable promptness, (3) the personal responsibility of the defaulting party, (4) the prejudice to the party, (5) whether there is a history of dilatory action, and (6) the availability of sanctions less drastic. See Payne v. Brake, 439 F.3d 198, 204–05 (4th Cir.2006) (citations omitted).

To assert a meritorious defense, "the moving party must show that, if relieved from the order and given another chance to litigate the underlying issues, he will have meritorious arguments to deflect the opposing party's claims." Coomer v. Coomer, 217 F.3d 838 (4th Cir. 2000)(citing Dowell v. State Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993)). "A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988); see also U.S. v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982) ("all that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the court or the jury to find for the defaulting party."). The Report recommends denying the motion for default because Defendants have raised a meritorious defense to the remaining causes of action, and they acted with reasonable promptness by filing their Answer the same day Plaintiff filed the present motions. The record supports these findings, and the Court notes that counsel for Defendants admitted he was at fault, but there was no personal responsibility on the part of the parties themselves.

Finally, there is no history of dilatory action by Defendants here, and given the "long-held view that Rule 55(c) motions must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments,'" sanctions would not be appropriate. Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 421 (4th Cir.2010)

(quoting <u>Tolson v. Hodge</u>, 411 F.2d 123, 130 (4th Cir.1969)).  And so, Plaintiff's objection is overruled.

Accordingly, after a thorough review of the Report and Recommendation and the record, the Court adopts the Report (DE 27) and incorporates it by reference.

It is, therefore, **ORDERED** that Plaintiff's Motions for Default (DE 14, 15) are denied.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
September 25, 2023